UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAY SHAH,

    Petitioner,

v.

ROBERT W. FOX,

    Respondent.

Case No. 20-cv-01385-RS

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Petitioner Jay Shah has filed a habeas petition challenging the same state convictions he challenged in a prior (and now closed) habeas action, *Shah v. Fox*, No. 17-cv-06737-RS (N.D. Cal. filed Nov. 22, 2017). The instant petition will be dismissed as second or successive to the prior petition. If petitioner wishes to file a successive habeas petition, he must first obtain permission from the Ninth Circuit Court of Appeals.

## II. BACKGROUND

Shah's prior petition was denied on the merits in December 2018, and a certificate of appealability was not issued by either the district court or the Ninth Circuit. *See id.*, Dkt. Nos. 22, 25.

## III. DISCUSSION

This petition will be dismissed as second or successive. As noted, in 2017 Shah filed a petition regarding the same convictions at issue in the instant action, which was denied on the

merits. Therefore, a "further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

In order to file a second or successive petition, Shah must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Shah has not shown that he has received such authorization. Accordingly, the instant petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals.

## IV. CONCLUSION

The instant petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals. If petitioner wishes to file a second or successive habeas petition, he first must obtain permission from the Ninth Circuit Court of Appeals.

A certificate of appealability will not issue. Shah has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

Dated: March 10, 2020

_____
RICHARD SEEBORG
United States District Judge